GEORGE FERGUSON ADMR. v. THOMAS JOHNSON ET AL.

Appeal and Error—Appearance in Appellate Court—Waiver of Errors.

The appearance before the appellate court by brief, of an administrator, and as to whom no appeal had been taken nor bond executed, will cure any defects in errors or irregularities, against which he cannot complain.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

September 11, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

In the bill in equity filed in Virginia by Willis Roberts and Thomas Johnson, it is averred that George Ferguson paid over to said Roberts in January, 1861, as profits on the partnership drove of horses $356. It was therefore clearly right in the commissioner, in stating the accounts between the several partners in this suit, to charge Roberts' administrator with this $356, and erroneous in the court to strike it out, Ferguson should be credited by and Roberts charged with this payment.

Roberts' administrator excepted to this item because it was the same as the one for $325, charged by Ferguson to Johnson as shown by James Johnson's deposition, on examination of the deposition it is not perceived that this identity is established, but if it was it would tend rather to prove the error in charging Johnson instead of Roberts, but Johnson does not complain of the item of $325 charged against him.

It is said in argument that parol evidence was heard upon the trial of the exceptions. There is no evidence of this in the record, and being an unusual practice we cannot presume it from the mere order giving appellant time to present his bill of exceptions; and we can hardly presume that evidence contradicting Roberts' own allegations was received, or if so, that these were disproved.

Had Roberts' administrator not appeared to this appeal and had not the parties treated him as an appellee, we could not say on this record that the appeal was against him, as the appeal bond and writ are alone as to Johnson. But he has appeared by brief and the only error assigned by appellant is as to Roberts' admin-

34

istrator, hence we conclude that he was the real and substantial party and his appearance has waived all errors or irregularities as to him.

The judgment is reversed for the correction of the error pointed out, but with discretion in the court below to hear additional proof by depositions or to refer it to a commissioner to hear and report the evidence, &c.

*Brock, Turner, for appellant.*

*Reid & Reid, for appellee.*